HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL CONTI,

    Plaintiff,

    v.

CORPORATE SERVICES GROUP, INC., et al.,

    Defendants.

CASE NO. C12-245RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion to dismiss from Defendants Jay Leon, Stacey Gardner, and Derek Anderson. For the reasons stated herein, the court DENIES the motion (Dkt. # 42), except that it dismisses Plaintiff's retaliation claim against Ms. Gardner.

## II. BACKGROUND & ANALYSIS

The court addressed this case at length in an order it issued earlier today denying the parties' motions for summary judgment. This order will repeat that one only as necessary.

Briefly, Plaintiff Michael Conti is suing his former employer, Corporate Services Group, Inc. ("CSG"), for discrimination and retaliation. He has invoked Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), 42

ORDER – 1

U.S.C. § 1981, and the Washington Law Against Discrimination ("WLAD"). Suits of this sort are not unusual. What is unusual about this case is that Mr. Conti has chosen to sue three of the higher-ups at CSG for the same acts. He did so in a series of amended complaints that culminated in his third amended complaint, which names Ms. Gardner, Mr. Leon, and Mr. Anderson as Defendants. Ms. Gardner was Mr. Conti's immediate supervisor. Mr. Leon is CSG's chief executive officer, and Mr. Anderson is CSG's chief operating officer.

After some stumbles, Mr. Conti eventually acknowledged that neither Title VII nor the ADEA permits him to sue individual agents of an employer. In his most recent complaint, he names the individual Defendants only in his claims invoking the WLAD and § 1981.

Mr. Conti's third amended complaint came into being because all of his previous complaints were wholly inadequate to state claims against any individual Defendant. They relied on skimpy allegations that left everyone, including this court, guessing as to why he was suing anybody. When the court first pointed this out in a January 2013 order (Dkt. # 38), Ms. Gardner was the sole individual defendant, but Mr. Conti hoped to add Mr. Leon and Mr. Anderson. The court permitted Mr. Conti to amend his complaint to add defendants, but warned him that if he relied on the same "skimpy allegations" as his previous complaints, the court would award attorney fees if Defendants successfully moved to dismiss. Dkt. # 38 at 4.

Mr. Conti did not rely on the same skimpy allegations. His third amended complaint contains substantially more detailed allegations about the involvement of the individual Defendants in the alleged discrimination against Mr. Conti. Nonetheless, the individual Defendants moved to dismiss the claims against them, invoking Rule 12(b)(6) of the Federal Rules of Civil Procedure, which permits a court to dismiss a case for failure to state a claim.

ORDER – 2

In this case, the critical questions underlying the motions to dismiss are what the WLAD and § 1981 require to state claims against individuals. The answer to both questions is the same: not much. In WLAD suits, "individual employers, along with their supervisors, may be held liable for their discriminatory acts." *Brown v. Scott Paper Worldwide Co.*, 20 P.3d 921, 928 (Wash. 2001). Defendants urge the court to consider the requirement that supervisors "*affirmatively* engage in discriminatory conduct." *Id.* at 927 n.3 (emphasis in original). The court cannot discern why Defendants believe there is a difference between engaging in discriminatory conduct and "affirmatively engaging" in discriminatory conduct. It is plain, however, that the *Brown* court used the phrase "affirmatively engage" merely to establish that whereas employers can be held liable via respondeat superior for the acts of individual employees, supervisors cannot. *Id.* at 927 n.3.

No Ninth Circuit authority explicitly announces a standard for individual liability in § 1981 claims, but the decision in *Bell v. Clackamas County*, 341 F.3d 858 (9th Cir. 2003), demonstrates that individuals can be held liable where they personally commit unlawful acts. In *Bell*, the court upheld a jury verdict imposing individual liability on a § 1981 retaliation claim against seven of eight individual defendants. Some of those defendants personally took retaliatory actions. *E.g.*, *id.* at 863 (defendants Cadotte and Huva gave plaintiff low evaluation scores), at 864 (defendant Grahn gave plaintiff low evaluation scores) All seven of them recommended a retaliatory termination. *Id.* at 864. The only defendant to escape individual liability was a supervisor who informed the plaintiff that he would be on administrative leave pending an investigation, then adopted the conclusion of an investigative report that found no discrimination. *Id.* at 864-65. The *Bell* court found that "[a]part from bureaucratic negligence, the record contain[ed] no direct evidence and little circumstantial evidence to establish any improper motive or

ORDER – 3

conduct on his part." *Id.* at 867. *Bell* illustrates that individual liability via § 1981 requires only that an individual engage in conduct that the statute makes unlawful.[1]

There is evidence from which a jury could find each of the individual Defendants Mr. Conti named to be liable under the WLAD and § 1981. All three of the Defendants had supervisory power over Mr. Conti. There is evidence that all three of them personally engaged in unlawful conduct. Ms. Gardner developed the ranked list that placed Mr. Conti below his coworkers, and the court explained in the summary judgment order why a jury could conclude that she discriminated in doing so. The involvement of Mr. Leon and Mr. Anderson is not as easy to demarcate, but the evidence permits the conclusion that one or both of them made the decisions to demote and later to fire Mr. Conti. As the court explained in the summary judgment order, a jury could find that their explanations for those decisions were pretextual, and were in fact discriminatory or (as to the decision to fire Mr. Conti) retaliatory.

It is unusual to analyze a motion to dismiss by pointing to the evidence the parties raised on summary judgment, but this is an unusual case. Defendants filed their motion for summary judgment just three weeks after they filed their motion to dismiss. Mr. Conti followed suit with his own motion for summary judgment five days later. The court could pore over the allegations of Mr. Conti's complaint to determine if they suffice to state claims against the individual Defendants, but it would serve no purpose. Mr. Conti could merely amend his complaint to conform to the evidence the parties presented on summary judgment. As the court has already noted, that evidence establishes triable claims against the individual Defendants.

---

[1] Defendants misinterpret *Bell*, focusing in excruciating detail on racially offensive comments that some defendants in that case made. The verdict that the *Bell* court upheld was on a retaliation claim, based entirely on retaliatory conduct that occurred after the offensive comments on which Defendants dwell. 341 F.3d at 867 (upholding retaliation verdict, declining to reach the merits of race discrimination claim); at 862 (describing racially offensive comments prior to plaintiff's complaints of discrimination).

ORDER – 4

The only exception is Mr. Conti's claim for retaliation against Ms. Gardner. As the court explained in its summary judgment order, there is no evidence that Ms. Gardner's involvement extended beyond her submission of a ranked list. CSG's retaliation against Mr. Conti, if it occurred at all, occurred later, after Mr. Conti first complained of discrimination. There is no evidence that Ms. Gardner knew of that complaint, and there is no evidence that she had any role in the sole adverse employment action that followed – the decision to terminate Mr. Conti. Mr. Conti's complaint asserts that Ms. Gardner "participated in this decision or knew about, ratified, and sanctioned this decision . . . ." Dkt. # 40 ¶ 32. The evidence does not support that allegation. Although the individual defendants made no separate argument in their motion for summary judgment,[2] Mr. Conti was on notice of his obligation to provide evidence supporting his individual claims. He did not do so as to his claim of retaliation against Ms. Gardner, and the court accordingly grants summary judgment against that claim.

### III.  CONCLUSION

For the reasons stated above, the court DENIES the motion to dismiss (Dkt. # 42), except that it grants summary judgment dismissing Plaintiff's retaliation claim against Ms. Gardner.

Dated this 24th day of May, 2013.

The Honorable Richard A. Jones
United States District Court Judge

---

[2] In their reply brief in support of their motion to dismiss, Defendants ask the court to exercise its discretion to convert the motion to dismiss to a motion for summary judgment. Except as to the retaliation claim against Ms. Gardner, the court declines to do so because it would make no difference to the outcome.

ORDER – 5