HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL CONTI,

Plaintiff,

v.

CORPORATE SERVICES GROUP, INC., et al.,

Defendants.

CASE NO. C12-245RAJ

ORDER

**I. INTRODUCTION**

This matter comes before the court on Plaintiff Michael Conti's motion to amend his complaint to add new claims against a new party, despite the expiration of all relevant deadlines. No one has requested oral argument, and oral argument is unnecessary. For the reasons stated herein, the court DENIES the motion. Dkt. # 88.

**II. DISCUSSION**

This case, which concerns Mr. Conti's discrimination claims against his former employer, is all over but for trial. The court resolved the parties' dispositive motions on May 24, ruling that virtually all of Mr. Conti's claims could proceed to trial. The court offered the parties a range of trial dates beginning in June, the parties chose to delay trial until December 2.

While the parties awaited trial, Mr. Conti's counsel made a discovery. In their view, counsel discovered that Mr. Conti's former employer, Corporate Services Group,

Inc. ("CSG") has offloaded the bulk of its assets to a new entity so that it can avoid paying a judgment to Mr. Conti. Mr. Conti thus asks the court for leave to amend his complaint so that he can state a claim for successor liability against the new entity, CSG Services Corporation ("CSG Services.").

The parties devote inordinate attention to whether CSG Services is in fact a successor to CSG. Mr. Conti's argument on that score is an amalgamation of evidence, inadmissible hearsay, dubious internet research, and wild guesses. The only evidence he presents is equally consistent with the version of events that CSG and CSG Services offer – that the transfer of assets from CSG to CSG Services was the culmination of an employee buyout of CSG that has nothing at all to do with this lawsuit. The motion to amend does not require the court to decide who has the better version of the reasons for CSG Services' existence.

Instead, the motion to amend requires the court to decide whether Mr. Conti had good cause, nearly a year after the deadline for adding new parties, nearly ten months after the deadline for amended pleadings, almost seven months after the close of discovery, and close to three months after the court resolved all dispositive motions, to add a new claim against a new party, reopen discovery to pursue that claim, and delay trial by months or more. The court could answer that question merely by noting that it would permit a new claim against a new party at this stage of litigation only in the rarest of circumstances, and that Mr. Conti has not presented those circumstances. The better answer, in this case, is that the claim Mr. Conti wishes to add is not ripe for consideration and may never become ripe. If Mr. Conti wins a judgment at trial, and if Mr. Conti establishes that CSG and the three individuals he has sued cannot or will not satisfy the judgment, then he would have a ripe claim against CSG Services. But he does not have a claim against CSG Services now, and that is reason enough to deny his motion.

## III. CONCLUSION

For the reasons stated above, the court DENIES Mr. Conti's motion to amend. Dkt. # 88. Nothing in this order should be construed to express a view on whether Mr. Conti can state a claim for successor liability against CSG Services if that claim becomes ripe.

Dated this 25th day of September, 2013.

The Honorable Richard A. Jones
United States District Court Judge