HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL CONTI,

    Plaintiff,

  v.

CORPORATE SERVICES GROUP, INC., et al.,

    Defendants.

CASE NO. C12-245RAJ

ORDER

## I. INTRODUCTION

The court issues this order to address the portion of Defendants' motion in limine requesting exclusion of evidence of the EEOC's investigation of Plaintiff Michael Conti's charge of discrimination against Defendant Corporate Services Group, Inc. ("CSG"). This order also resolves the EEOC's motion to quash two subpoenas that Defendants issued just a few days ago.

For the reasons stated below, the court rules that Mr. Conti may introduce the EEOC's October 21, 2011 "reasonable cause" determination into evidence. The next section of this order concludes with the court's orders as to the use of other evidence regarding the EEOC proceedings that Mr. Conti initiated. As explained below, the court GRANTS in part and DENIES in part the EEOC's motion to quash Defendants' subpoenas. Dkt. # 121.

ORDER – 1

## II. BACKGROUND & ANALYSIS

Mr. Conti filed an EEOC charge after Defendants fired him in July 2011. The EEOC commenced an investigation, interviewing numerous witnesses at CSG as well as Mr. Conti, and requesting and reviewing documents from CSG. The EEOC's primary investigator was Annalie Greer. At the conclusion of the investigation, she submitted a recommendation to her superiors. That resulted in an EEOC director's October 21, 2011 determination that there was "reasonable cause to believe that [Mr. Conti] was removed from his work assignment, demoted, and compelled to resign his position (constructive discharge) because of his national origin and age in violation of Title VII and the ADEA." The reasonable cause determination came in a one-page letter to Mr. Conti. Other than the ultimate determination of reasonable cause that the court just quoted, the one-page letter contains no information at all about the EEOC investigation. It tersely summaries Mr. Conti's charge, it states that the director "considered all the evidence disclosed during the investigation," and it invites CSG and the parties to begin an EEOC-mediated conciliation process. Mr. Conti intends to introduce the reasonable cause determination into evidence.

Ninth Circuit law not only permits Mr. Conti to rely on the EEOC reasonable cause determination at trial, it prohibits this court from excluding that determination. In *Plummer v. W. Int'l Hotels Co.*, 656 F.2d 502, 505 (9th Cir. 1981), the court held that a "plaintiff has a right to introduce an EEOC probable cause determination in a Title VII lawsuit, regardless of what other claims are asserted, or whether the case is tried before a judge or jury." The *Plummer* court reversed the trial court's exclusion of the cause determination and remanded for a new trial. *Id.* In *Heyne v. Hill*, 69 F.3d 1475, 1483 (9th Cir. 1995), the court extended *Plummer*'s holding that "it is reversible error for the district court to exclude an EEOC probable cause determination from a Title VII trial" to the probable cause findings of state employment commissions. The *Heyne* court reversed the trial court's exclusion of the findings as an abuse of discretion and remanded for a

ORDER – 2

new trial. *Id.* at 1484. The Ninth Circuit has concluded that the probative value of a probable cause determination "far outweighs" any prejudicial effect it may have on a jury. *Heyne*, 69 F.3d at 1483; *see also Plummer*, 656 F.2d at 505 (finding that an EEOC cause determination is "highly probative"). It has also ruled that a trial court may not satisfy the *Plummer* mandate merely by mentioning an EEOC probable cause determination in jury instructions. *Heyne*, 69 F.3d at 1484. It has upheld *Plummer* and its progeny even as other panels have acknowledged that an EEOC probable cause determination is insufficient, standing alone, to avoid summary judgment. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1283-84 (9th Cir. 2000); *Mondero v. Salt River Project*, 400 F.3d 1207, 1215 (9th Cir. 2005). The *Coleman* court acknowledged that *Plummer* requires the admission of a cause determination, but noted that cause determinations "vary greatly in quality and factual detail" and favorably cited precedent from other circuits that determinations that reveal only "bare conclusions . . . have little probative value." 232 F.3d at 1271, 1284 (internal quotation omitted); *see also Mondero*, 400 F.3d at 1215 (finding that two-page EEOC determination "merely recite[d] the facts that [plaintiff] disclosed, and d[id] not say anything at all about [defendant]'s proffered legitimate nondiscriminatory reason").

To summarize, Ninth Circuit precedent leaves the court with no discretion to exclude an EEOC reasonable cause determination, even a cursory one. The court declines Defendants' invitation to commit reversible error by excluding Mr. Conti's reasonable cause determination. At least one judge in this District has expressed skepticism about jurisprudence that mandates the admission of cursory EEOC reasonable cause determination even as it grants broader discretion to admit or exclude other EEOC determinations. *See*, *e.g.*, *Hernandez v. City of Vancouver*, No. C04-5539RBL, 2012 U.S. Dist. LEXIS 82981, at *3-*6 (W.D. Wash. Jun. 14, 2012). The court shares those reservations, at least in part. An EEOC determination by itself, particularly a one-page

ORDER – 3

determination like the one in this case, would seem to invite the jury to speculate. What is an EEOC determination? Who did the EEOC interview, if anyone? Did the EEOC see the same documents that the parties are presenting at trial? The parties can present answers to those questions if they choose, but only by devoting substantial trial time to them. If the parties offer no additional evidence as to the EEOC investigation, what inference is the jury is to draw from the determination? The court observes that the Ninth Circuit's model jury instructions are silent on this issue. Despite these concerns, the court is bound by *Plummer* and its progeny. It will permit Mr. Conti to introduce the reasonable cause determination that the EEOC issued to him.

In extending plaintiffs the right to introduce a cause determination, the Ninth Circuit has also extended defendants the right to "present evidence refuting the findings of the EEOC" and "point[ing] out the deficiencies of the EEOC determination . . . ." *Plummer*, 656 F.2d 502. In essence, the Ninth Circuit has guaranteed the parties the right, in any employment discrimination case in which there has been an EEOC reasonable cause determination, to conduct a satellite trial over the validity of the EEOC's investigation and conclusions. That has led to disputes over the proper scope of pretrial discovery with respect to EEOC proceedings. *See Giezie v. Valley Health Sys., LLC*, No. 2:12-cv-36-ECR-GWF, 2012 U.S. Dist. LEXIS 128130, at *15-23 (D. Nev. Sept. 7, 2012) (citing, among other cases, *Arizona ex rel. Goddard v. Frito-Lay, Inc., 273 F.R.D. 545* (D. Ariz. 2011)). Perhaps because plaintiffs and defendants recognize that trying the EEOC investigation along with the actual claims of discrimination is a questionable use of resources, the court's survey of federal district court decisions suggests that plaintiffs often introduce the EEOC determination with little fanfare. But that is not the parties' plan in this case.

First, Mr. Conti has already gone beyond the EEOC's reasonable cause determination. On summary judgment, he introduced a declaration from Ms. Greer. It

ORDER – 4

describes her duties as an investigator in generic terms. It provides a concise summary of the documents she reviewed during her investigation into Mr. Conti's charge, as well as a list of witnesses whom she interviewed. It concludes with the statement that the EEOC "only found reasonable cause to believe discrimination occurred in roughly 5% of cases filed with the EEOC under Title VII in 2010, and approximately 3% of all cases filed with the EEOC under the Age Discrimination in Employment Act in 2010." Greer Decl. (Dkt. # 60-17) ¶ 13.

Second, although Mr. Conti has not subpoenaed Ms. Greer, he has designated her as a trial witness. He has listed her declaration as an exhibit he intends to offer at trial. He has not, however, listed any other document that she authored as at trial exhibit. Among the documents he did not list: Ms. Greer's investigative report, which is the document her superior drew from when issuing the reasonable cause determination.

Third, Mr. Conti wishes to introduce a few documents related to the EEOC's investigation of Mr. Conti's charge of discrimination against Microsoft. The parties have scarcely explained this issue, but it appears that because CSG worked almost entirely under contracts from Microsoft, and because it was not clear if Defendant Stacey Gardner was a Microsoft employee or a CSG employee, Mr. Conti filed a discrimination charge against both Microsoft and CSG. The EEOC apparently concluded that Microsoft was not Mr. Conti's employer, and thus could not be liable under the ADEA or Title VII. Mr. Conti wishes to introduce the EEOC's conclusion and a few supporting documents because he believes that Defendants are improperly attempting to shift responsibility for their allegedly unlawful conduct to Microsoft.

At least in part because Mr. Conti listed Ms. Greer's declaration as a potential exhibit, Defendants issued three trial subpoenas to Ms. Greer, one of her supervisors, and the EEOC's local records custodian. Defendants served those subpoenas on November 7. They have since withdrawn the subpoena to Ms. Greer's supervisor. The subpoenas seek

ORDER – 5

not only trial testimony, but an enormous array of documents, including documents sufficient to verify Ms. Greer's statistics regarding the disposition of EEOC charges, Ms. Greer's personnel file, any complaints filed against her, and guidelines for EEOC investigators. Defendants believe that the statistics Ms. Greer cited in her declaration are inaccurate or misleading, and that her decision to provide that declaration on Mr. Conti's behalf suggests that she is biased in his favor.

The EEOC does not want its representatives to testify in this case. It explains, persuasively enough, that its representatives are busy investigating other charges of discrimination. It explains that requiring its witnesses to testify at trial (and to compile documents in advance) would detract from its core investigative mission. It also asserts that it has already disclosed its investigative file to the parties, and that testimony from its representatives would add little to what is already in the file. It asserts that it "cannot dedicate extremely limited staff and resources to the efforts of private litigants once [it] closes those charges [of discrimination]." EEOC Mot. (Dkt. # 121) at 3. What the EEOC does not explain is why, despite its policy not to devote its limited resources to the efforts of private litigants, it permitted Ms. Greer to file a declaration on Mr. Conti's behalf in this case. It is that declaration that has drawn Defendants' ire, as well as their requests for documents that Defendants hope to use to illustrate Ms. Greer's alleged bias.

Despite its subpoenas to two EEOC witnesses, Defendants have moved to exclude virtually all evidence from the EEOC. Mr. Conti opposes that motion. Although he never suggests that he subpoenaed Ms. Greer, he contends that she can offer relevant testimony about his English speaking abilities and that she can authenticate various documents. The court can only imagine what those documents are, because Mr. Conti does not identify them. With the exception of Ms. Greer's declaration, Mr. Conti has not listed any document that she authored as a potential trial exhibit. Indeed, the only EEOC documents that any party has listed as potential exhibits are a few documents regarding

ORDER – 6

the investigation of the Microsoft charge, the reasonable cause determination (which is self-authenticating), and an intake questionnaire that Mr. Conti filled out.

The EEOC has moved to quash the subpoenas.

The court rules as follows.

1) Mr. Conti may introduce the October 21, 2011 reasonable cause determination into evidence. As the court has already stated, it has no discretion to rule otherwise.
2) Mr. Conti may not call Ms. Greer or any EEOC witness at trial. As noted, he has not subpoenaed any EEOC witness.
3) Ms. Greer's declaration is inadmissible hearsay.
4) The court quashes Defendants' recent EEOC subpoenas to the extent they seek documents. Defendants have been aware of the EEOC investigation from its outset. They received the EEOC's investigative file no later than May 2012. They have been in possession of Ms. Greer's declaration since at least April 2013. Their decision to wait until a few days ago to subpoena additional documents from the EEOC is inexcusable. To comply with those subpoenas now would impose an undue burden on the EEOC. The court need not reach the EEOC's contention that various privileges protect it from disclosing many of the documents that Defendants requested.
5) For the reasons just stated, the court quashes Defendants' subpoena to the EEOC's records custodian in its entirety.
6) No party may offer evidence or argument of EEOC statistics regarding the outcome of discrimination charges. In particular, no one shall refer to Ms. Greer's statement that the EEOC issues probable cause determinations in only 5% of Title VII cases and 3% of ADEA cases. The court finds EEOC statistics to be of marginal probative value. Whether the EEOC issues probable cause

ORDER – 7

determinations 2% of the time or 99% of the time, the ultimate issue remains whether Defendants discriminated against Mr. Conti. Moreover, if the court were to admit those statistics, it would have to permit any party to inquire into the evidentiary basis for those statistics. That would be a poor use of the jury's time.

7) As the court has explained, Defendants have a right to offer evidence illustrating deficiencies in the EEOC's probable cause determination. They may do so by asking witnesses about their interactions with Ms. Greer or other EEOC representatives. The court is aware of no trial exhibit Defendants have listed that would shed any particular light on the adequacy of the EEOC's investigation, but they are free to argue otherwise.

8) Defendants may call Ms. Greer as a witness. If they do, however, the court will permit Mr. Conti to conduct a full examination of her, and the court will not limit him to the scope of Defendants' examination. The court acknowledges the burden that this ruling places on the EEOC and Ms. Greer, and it acknowledges that routine subpoenas to EEOC investigators pose the risk of interfering with the EEOC's ability to investigate charges. The court concludes, however, that its obligation to permit Mr. Conti to introduce the EEOC's reasonable cause determination carries an obligation to permit Defendants to challenge that determination. In this case, the court does not believe it appropriate to prevent Defendants from calling Ms. Greer.

9) No later than Thursday, November 21, Defendants and Mr. Conti shall meet and confer to determine if they can agree on a means of presenting evidence relating to the EEOC investigation without calling Ms. Greer as a witness. When they meet and confer, they should consider that the court intends to

ORDER – 8

instruct the jury substantially as follows, based in part on *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1500 (9th Cir. 1986):

> You have received evidence that the Equal Opportunity Employment Commission, or "EEOC," issued a reasonable cause determination to Mr. Conti.  The EEOC is a federal agency responsible for investigating complaints of violations of federal employment law.  The law requires a plaintiff to file a complaint or "charge" with the EEOC before he can sue in court.  The EEOC then investigates the charge.  In this case, that investigation resulted in the reasonable cause determination that was introduced into evidence.  A reasonable cause determination from the EEOC is not a determination that an employer has violated Title VII or the ADEA.  Instead, it is a preliminary conclusion that there is reason to believe that a violation has taken place.  You may consider the EEOC's determination as you weigh all of the evidence in this case, but the decision as to whether any defendant violated the law is yours alone.
>
> I also instruct you that the EEOC reasonable cause determination in this case is not evidence as to the liability of either Stacey Gardner or Jay Leon.  The EEOC did not make any determination as to the liability of these individuals.

10) No later than the end of this week, Defendants shall decide if they will call Ms. Greer as a witness.  If not, they shall notify the court and Ms. Greer.  If they intend to call her as a witness, they shall confer with her and Mr. Conti on a date and time certain for presenting her testimony.  The court will take her testimony out of order if necessary to accommodate her schedule.

11) Unless the court orders otherwise, no party may introduce evidence of EEOC proceedings involving Microsoft.  For the reasons stated in the court's order on the parties' motions in limine, the court will permit Defendants to offer evidence that they considered Microsoft's input with respect to decisions that impacted Mr. Conti.  If, however, Defendants offer that evidence in a way that suggests that they are attempting to shift blame to Microsoft or that Microsoft was actually responsible for any of the adverse actions Defendants took against Mr. Conti, the court will consider a renewed request from Mr. Conti that the

ORDER – 9

court allow him to introduce evidence of the Microsoft-related EEOC proceedings. The court may also consider instructing the jury that Defendants, not Microsoft, bear sole responsibility for any adverse action against Mr. Conti.

### III.  CONCLUSION

The court resolves Defendants' motions in limine concerning EEOC proceedings as stated above. The court GRANTS in part and DENIES in part the EEOC's motion to quash. Dkt. # 121. Defendants may call Ms. Greer as a witness in compliance with this order.

DATED this 20th day of November, 2013.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 10