HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL CONTI,

      Plaintiff,

    v.

CORPORATE SERVICES GROUP, INC.,
and JAY LEON,

      Defendants.

CASE NO. C12-245RAJ

COURT'S INSTRUCTIONS TO
THE JURY

Given in open court this 11th day of December, 2013

*[signature: Richard A Jones]*

The Honorable Richard A. Jones
United States District Court Judge

**INSTRUCTION NO. 1**

**Duty of Jury**

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

1) Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

2) Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

**INSTRUCTION NO. 2**

**What is Evidence**

The evidence from which you are to decide what the facts are consists of:

      1.      The sworn testimony of any witness;

      2.      The exhibits which have been received into evidence; and

      3.      Any facts to which the lawyers have agreed.

**INSTRUCTION NO. 3**

**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, have said in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 4**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**INSTRUCTION NO. 5**

**Charts and Summaries**

Certain charts and summaries not received in evidence have been or may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

On the other hand, certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**INSTRUCTION NO. 6**

**Use of Interrogatories**

Evidence was presented to you in the form of answers of a party to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**INSTRUCTION NO. 7**

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.      The opportunity and ability of the witness to see or hear or know the things testified to;

2.      The witness's memory;

3.      The witness's manner while testifying;

4.      The witness's interest in the outcome of the case and any bias or prejudice;

5.      Whether other evidence contradicted the witness's testimony;

6.      The reasonableness of the witness's testimony in light of all the evidence; and

7.      Any other factors that bear on believability.

The weight of evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**INSTRUCTION NO. 8**

**Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

In some instances, portions of deposition testimony were read by counsel and their staff.  In those instances, do not place any significance on the behavior or tone of voice of any person who read the questions or answers.

**INSTRUCTION NO. 9**

**Impeachment Evidence**

Evidence that a witness has been convicted of a crime or lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## INSTRUCTION NO. 10

### Burden of Proof – Preponderance of the Evidence

When it is said that a party has the burden of proof on any proposition, or that any proposition must be proved by a preponderance of the evidence, or the expression "if you find" is used, it means that you must be persuaded, considering all the evidence in the case, that the proposition on which that party has the burden of proof is more probably true than not true.

## INSTRUCTION NO. 11

### Two or More Parties

There are two Defendants in this case: Jay Leon and Corporate Services Group, Inc., which is a corporation that I will refer to as "CSG". Stacey Gardner is no longer a party in this case, and you should not speculate as to the reasons why she is no longer a party. You should decide the case as to Mr. Conti's claims against each Defendant, CSG and Jay Leon, separately. Unless I state otherwise, these instructions apply to all parties.

**INSTRUCTION NO. 12**

**Corporations – Fair Treatment**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

### INSTRUCTION NO. 13

### Liability of Corporations

Under the law, a corporation is considered to be a person.  It can act only through its employees, agents, directors, or officers.  Therefore a corporation is responsible for the acts of its employees, agents, directors and officers performed within the scope of authority.

**INSTRUCTION NO. 14**

**Use of Notes**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 15**

**Claims and Defenses of Parties**

I will now give you a brief summary of the claims and defenses of the parties: Mr. Conti has claims against all of the Defendants for race discrimination, national origin discrimination, and age discrimination.  He has a claim against CSG and Jay Leon for retaliation.  These claims arise under both federal law and Washington law.  Mr. Conti has the burden of proving these claims by a preponderance of the evidence.

Defendants deny all of Mr. Conti's claims.  Defendants further offer the affirmative defense that Mr. Conti failed to mitigate his damages.

**INSTRUCTION NO. 16**

**Discrimination Under Washington Law – Elements and Burden of Proof**

Discrimination in employment on the basis of race, or national origin, or age is prohibited under Washington law.

To establish a Washington law claim of discrimination on the basis of race, or national origin, or age, Mr. Conti has the burden of proving each of the following propositions:

(1) That a Defendant took an adverse employment action against Mr. Conti; and

(2) That Mr. Conti's race, or national origin, or age was a substantial factor in that Defendant's decision to take the adverse action.

"Substantial factor" means a significant motivating factor in bringing about the employer's decision to take an adverse employment action. "Substantial factor" does not mean the only factor or the main factor in the challenged act or decision. "Substantial factor" also does not mean that the decision would not have been made but for his race, or national origin, or age. A factor is "substantial" if it so much as tips the scales one way or the other in the challenged act or decision.

If you find from your consideration of all of the evidence that each of the propositions stated above has been proved, then your verdict should be for Mr. Conti on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for Defendants on this claim.

**INSTRUCTION NO. 17**

**Discrimination Under Federal Law – Elements and Burden of Proof**

Discrimination in employment on the basis of race or national origin is prohibited under federal law.

To establish a federal law claim of discrimination on the basis of race or national origin, Mr. Conti has the burden of proving each of the following propositions:

(1) That a Defendant took an adverse employment action against Mr. Conti; and

(2) That Mr. Conti's race or national origin was a motivating factor in the

   Defendant's decision to take that adverse employment action.

If you find that Mr. Conti has failed to prove either of these elements, your verdict should be for the Defendants. If Mr. Conti has proved both of these elements, he is entitled to your verdict, even if you find that the Defendant's conduct was also motivated by a lawful reason.

If you find that Mr. Conti has proved both of these elements, you must also decide whether any Defendant has proven that the Defendant would have taken the same adverse employment action or actions even if Mr. Conti's race and national origin had played no role in decision to take the action or actions.

**INSTRUCTION NO. 18**

**Discrimination Under Federal Law – EEOC Reasonable Cause Determination**

You have received evidence that the Equal Opportunity Employment Commission, or "EEOC," issued a reasonable cause determination to Mr. Conti.  The EEOC is a federal agency responsible for investigating complaints of violations of federal employment law.  The law requires a plaintiff to file a complaint or "charge" with the EEOC before he can sue in court.  The EEOC then investigates the charge.  In this case, that investigation resulted in the reasonable cause determination that was introduced into evidence.  A reasonable cause determination from the EEOC is not a determination that an employer has violated any law.  Instead, it is a preliminary conclusion that there is reason to believe that a violation has taken place.  You may consider the EEOC's determination as you weigh all of the evidence in this case, but the decision as to whether any Defendant violated the law is yours alone.

I also instruct you that the EEOC reasonable cause determination in this case applies only to Mr. Conti's federal law national origin discrimination claim against CSG. The EEOC did not consider any of Mr. Conti's other claims in this lawsuit or claims against Jay Leon.

**INSTRUCTION NO. 19**

**Discrimination – "Adverse Employment Action" Defined**

For claims of discrimination under Washington law or federal law, an "adverse employment action" is an action that materially affects the terms, conditions or privileges of employment.

**INSTRUCTION NO. 20**

**Discrimination – National Origin**

To discriminate based on national origin is to discriminate based on an individual's place of origin, an individual's ancestor's place of origin, or because the individual has the physical, cultural, or linguistic characteristics of a national origin group.  An accent associated with a national origin is a linguistic characteristic of a national origin group.

An employer may make employment decisions based on an employee's accent only when employer has a factual basis to conclude that the accent materially interferes, or would materially interfere, with the oral communication skills needed to perform the employee's job.  A good faith belief that the accent materially interferes with the oral communication skills needed to perform the employee's job is not sufficient.

**INSTRUCTION NO. 21**

**Retaliation under Washington Law – Elements and Burden of Proof**

It is unlawful under Washington law for an employer to retaliate against a person for opposing what the person reasonably believed to be discrimination on the basis of race, or national origin, or age.

To establish a claim of unlawful retaliation under Washington law by a Defendant, Mr. Conti has the burden of proving each of the following propositions:

(1) That Mr. Conti was opposing what he reasonably believed to be discrimination on the basis of race, or national origin, or age; and

(2) That a substantial factor in a Defendant's decision to take an adverse employment action against Mr. Conti was Mr. Conti's opposition to what he reasonably believed to be discrimination on the basis of race, or national origin, or age.

If you find from your consideration of all of the evidence that each of these propositions has been proved, then your verdict should be for Mr. Conti on this claim. On the other hand, if any one of these propositions has not been proved, your verdict should be for Defendants on this claim.

Mr. Conti does not have to prove that his opposition to what he reasonably believed to be discrimination on the basis of race, or national origin, or age was the only factor or the main factor in a Defendant's decision, nor does he have to prove that the Defendant would not have taken the adverse employment action but for his opposition.

**INSTRUCTION NO. 22**

**Retaliation under Federal Law – Elements and Burden of Proof**

It is unlawful under federal law for an employer to retaliate against a person for opposing what the person reasonably believed to be discrimination on the basis of race, or national origin, or age.

To establish a claim of unlawful retaliation under federal law by a Defendant, Mr. Conti has the burden of proving each of the following propositions:

(1) That Mr. Conti was opposing what he reasonably believed to be discrimination on the basis of race, or national origin, or age;

(2) That a Defendant subjected Mr. Conti to an adverse employment action; and

(3) That Mr. Conti was subjected to the adverse employment action because of his opposition to what he reasonably believed to be discrimination on the basis of race, or national origin, or age.

A plaintiff is subjected to an adverse employment action because of his opposition to what he reasonably believed to be discrimination on the basis of race, or national origin, or age if the adverse employment action would not have occurred but for that opposition.

If you find that Mr. Conti has proved all three of these elements, your verdict should be for him.  If, on the other hand, Mr. Conti has failed to prove any of these elements, your verdict should be for Defendants.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 23**

**Retaliation – "Adverse Employment Action" Defined**

For claims of retaliation under Washington or federal law, an "adverse employment action" is an action that a reasonable employee would have found materially adverse, which means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

**INSTRUCTION NO. 24**

**At-Will Employment**

"At-will employment" means that an employer has the right to make employment decisions for any reason except for reasons that are specifically made illegal under federal law or Washington law.

## INSTRUCTION NO. 25

### Damages

It is the duty of the court to instruct you about the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for Mr. Conti on any of his claims, you must determine his damages. Mr. Conti has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Mr. Conti for any damages you find were proximately caused by a Defendant's violation of the law.  You should consider the following:

1.  The reasonable value of lost earnings and fringe benefits, from the date of the wrongful conduct through the end of June 2012; and

2.  The emotional harm to Mr. Conti caused by a Defendants' wrongful conduct, including emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish experienced and with reasonable probability to be experienced in the future.

You have heard testimony that Mr. Conti visited his doctor and testimony about Mr. Conti's communications with that doctor.  I instruct you to disregard that testimony.

The burden of proving damages rests with the party claiming them, and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence.

Your award must be based upon evidence and not upon speculation, guess, or conjecture.  The law has not furnished us with any fixed standards by which to measure noneconomic damages such as emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish. With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

**INSTRUCTION NO. 26**

**Damages – "Proximate Cause" Defined**

The term "proximate cause" means a cause which in a direct sequence produces the consequence complained of and without which such consequence would not have happened.

There may be more than one proximate cause of a consequence.

**INSTRUCTION NO. 27**

**Damages – Mitigation**

Mr. Conti has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

To establish a failure to mitigate, a Defendant has the burden of proving:

(1)     That the plaintiff failed to use reasonable efforts to mitigate damages; and

(2)     The amount by which damages would have been mitigated.

To establish a failure to mitigate damages based on lost wages or benefits, a Defendant has the burden of proving:

(1)     That there were openings in comparable positions available for Mr. Conti;

(2)     That Mr. Conti failed to use reasonable care and diligence in seeking those openings; and

(3)     The amount by which damages would have been reduced if Mr. Conti had used reasonable care and diligence in seeking those openings.

You should take into account the characteristics of the Mr. Conti and the job market in evaluating the reasonableness of the Mr. Conti's efforts to mitigate damages.

If you find that a Defendant has proved all of the above, you should reduce your award of damages for wage loss accordingly.

I instruct you that Mr. Conti's decision not to accept or his delay in accepting CSG's offer of reduced pay is not a failure to mitigate damages.

### INSTRUCTION NO. 28

### Duty to Deliberate

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## INSTRUCTION NO. 29

### Return of Verdict

A verdict form has been prepared for you.  After you have reached unanimous agreement on each question on the verdict form, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**INSTRUCTION NO. 30**

**Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through any member of my staff, signed by your presiding juror or by one or more members of the jury.  Ms. Ericksen will show you the button in the jury room that you can use to alert my staff that you have a note.  No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a verdict or have been discharged.  Do not disclose any vote count in any note to the court.