HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL CONTI,

    Plaintiff,

v.

CORPORATE SERVICES GROUP, INC., et al.,

    Defendants.

CASE NO. C12-245RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on the motion of Defendants Corporate Services Group, Inc. ("CSG") and Jay Leon to stay enforcement of the judgment in this action pending disposition of their motions for a new trial and for judgment as a matter of law. For the reasons stated below, the court GRANTS the motion in part and DENIES it in part. Dkt. # 196. The court imposes a stay of any proceedings to enforce the judgment against Mr. Leon, it imposes no stay of proceedings to enforce the judgment against CSG.

## II. BACKGROUND & ANALYSIS

Following a December 12, 2013 jury verdict, the court entered judgment for Plaintiff on December 17. The judgment against CSG was for approximately $190,000. The judgment declared that Mr. Leon was "jointly and severally liable for $10,000 of the judgment against [CSG]." Dkt. # 192. Defendants have since filed motions invoking

ORDER – 1

Federal Rule of Civil Procedure 59 to request a new trial and invoking Rule 50 to request judgment as a matter of law. Plaintiff filed a motion for attorney fees, costs, and prejudgment interest. The court has informed the parties that it will resolve those three motions simultaneously. Jan. 15, 2014 minute order (Dkt. # 223). The last of them will not be ripe until January 31. Defendants have also appealed the judgment.

Rule 62(b) provides that "[o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment – or any proceedings to enforce it – pending disposition of any of the following motions . . . ." Motions invoking Rule 50 or Rule 59 are among the post-trial motions that Rule 62(b) enumerates. The question before the court is whether Defendants have offered (or whether the court can fashion) "appropriate terms" for Plaintiff's security. The answer differs for each Defendant.

**A.    Mr. Leon**

Until the court resolves the parties' other post-trial motions, Mr. Leon is jointly and severally liable for $10,000 of the judgment. He has posted a bond for $12,500. Plaintiff contends that this security is inadequate for two reasons. First, it does not cover what Plaintiff anticipates will be a sizeable award of attorney fees and costs. Second, Plaintiff contends that despite the judgment's declaration that Mr. Leon is jointly and severally liable only for $10,000, he should be jointly and severally liable for the entire amount of the judgment.

Plaintiff's first contention ignores that the court has awarded neither attorney fees nor costs. Plaintiff cannot enforce a judgment for attorney fees or costs any more that one of the Defendants could seek to stay enforcement of that judgment. The court will award attorney fees and costs, if appropriate, when it resolves the remaining post-trial motions.

Plaintiff's second contention ignores the terms of the judgment – terms to which Plaintiff chose not to object. After receiving the jury's verdict, in a special verdict form

ORDER – 2

that separately identified the amount of damages that Mr. Leon himself proximately caused, the court issued an order informing the parties of its intent to direct the entry of a judgment that declared Mr. Leon "jointly and severally liable for $10,000 of th[e] amount [of the judgment against CSG.]" Dec. 12 ord. (Dkt. # 189). The court gave the parties four days to raise "any objection to this form of judgment . . . ." *Id.* Plaintiff raised no objection. The court doubts that the law supports Plaintiff's assertion, which he raised for the first time in opposition to Defendants' motion to stay, that Mr. Leon should be jointly and severally liable for the entire judgment. The court need not resolve the issue, however, because Plaintiff did not raise it in a proper motion attacking the judgment. The judgment that currently exists makes Mr. Leon liable for $10,000. The bond that Mr. Leon obtained is adequate security for Plaintiff pending disposition of the remaining post-trial motions.

**B.    CSG**

In contrast to Mr. Leon, CSG has offered no bond or other financial security in exchange for the stay it requests. Its position is that it is unable to obtain a bond, and that the court should therefore stay enforcement of the judgment.

CSG does not present adequate evidence to support its position. It provides some evidence that it is subject to federal tax liens, state unemployment liens, and liens from private parties. It is because of those liens, it alleges, that it cannot obtain a bond. It offers no evidence that it has attempted to obtain a bond. More importantly, CSG has revealed nothing (beyond the bare existence of the liens) about its financial status. It does not reveal whether it has paid any of the liens in whole or in part. It does not reveal whether it has bank accounts or other liquid assets. It does not reveal whether it could pay cash into the court's registry, in lieu of a bond, to provide some level of financial security to Plaintiff. It does not reveal why, given its position that it is impecunious, it is concerned about Plaintiff's efforts to enforce a judgment.

ORDER – 3

CSG alternatively proposes that the court provide Plaintiff security by ordering it not to encumber its assets further and not to "expend any cash or liquid assets . . . except for payments in the ordinary course of business . . . ." Defs.' Mot. at 8. With no information about CSG's assets or what payments it expects to make in the ordinary course of business, the order CSG proposes would provide little, if any, security for Plaintiff.

### III. CONCLUSION

For the reasons stated above, the court GRANTS Defendants' motion to stay in part and DENIES it in part. Dkt. # 196. The court imposes a stay of any proceedings to enforce the judgment against Mr. Leon, it imposes no stay of proceedings to enforce the judgment against CSG.

DATED this 22nd day of January, 2014.

_____
The Honorable Richard A. Jones
United States District Court Judge

ORDER – 4