HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL CONTI,

   Plaintiff,

   v.

CORPORATE SERVICES GROUP, INC., et al.,

   Defendants.

CASE NO. C12-245RAJ

ORDER

This matter comes before the court on Plaintiff's motion for supplemental attorney fees and costs. Dkt. # 261. For the reasons stated herein, the court GRANTS the motion, but awards less than the approximately $95,000 Plaintiff requested. The court awards supplemental attorney fees of $42,995 and costs of $1,536.20. As was the case with the court's previous cost and fee award, interest of 5.25% per year will begin accruing on this award as of the date of this order. Defendant Corporate Services Group, Inc. ("CSG") is liable for the entire award and interest; Defendant Jay Leon is responsible for 5.2% of this award. The clerk shall enter an amended judgment in accordance with this order.

In Part VII of the court's July 10 order addressing the parties' post-trial motions, the court addressed the legal standards applicable to Plaintiff's request for attorney fees and made several factual findings that the court need not repeat here. The motion before the court concerns Plaintiff's request for attorney fees he incurred after he filed his initial

ORDER – 1

motion for attorney fees. The court rejects Defendants' contention that Plaintiff acted improperly by waiting until the conclusion of post-trial proceedings to file this motion. Plaintiff's only alternative to the approach he took was to file many piecemeal attorney fee motions, an outcome that would have benefitted no one.

**A.    Attorney Fees**

Plaintiff requests more than $85,000 for his attorneys' post-trial work, basing that request on about 220 hours of attorney time and 65 hours of paralegal and staff time. Attorneys and supporting staff expended that time on six significant tasks: (1) opposing Defendants' motion to stay enforcement of the judgment, (2) preparing a reply brief for Plaintiff's original motion for attorney fees, (3) preparing a motion and reply brief to supplement plaintiff's request for attorney fees based on information about Defendants' local counsel, (4) opposing Defendants' motions for judgment as a matter of law and for a new trial (including a surreply brief), (5) filing a motion and reply in an effort to make Mr. Leon jointly and severally liable for the entire judgment in this case, and (6) filing this supplemental motion for attorney fees.[1] The court now considers Plaintiff's evidence of attorney fees for each task.

**1.    Opposition to Motion to Stay Enforcement of Judgment**

Plaintiff's counsel expended just over 31 hours of attorney time on this task. Plaintiff met with only partial success. The court stayed enforcement of the judgment as to Mr. Leon, but not as to CSG. The court awards fees for 16 hours of attorney time to reflect Plaintiff's partial success.

**2.    Reply in Support of Original Attorney Fee Motion**

Counsel expended just under 34 hours of attorney time on this task. Counsel expended about 10 hours of time crafting lengthy declarations from counsel that the court previously characterized as "irrelevant or barely relevant argument" responding to "what

---

[1] Counsel's billing records begin with a request for compensation for 1.4 hours of time counsel spent correcting its own error in a previous filing. Neither Defendants nor Plaintiff should have to compensate counsel for errors.

ORDER – 2

[counsel] perceived as personal attacks from Defendant's lead counsel." Jul. 10 Ord. (Dkt. # 259) at 44. The court will not award fees for preparing those declarations. The court awards fees for 24 hours of attorney time for this task.

### 3. Motion and Reply in Support of Supplement to Attorney Fee Motion

Counsel expended more than 25 hours of attorney time on this task. As the court previously explained, this motion was "marginally relevant," "certainly not worth the time the parties spent disputing it," and "ultimately made no difference to the court." Jul. 10 Ord. at 44. The court will award no fees for this task.

### 4. Opposition to Motion for New Trial and Motion for Judgment As a Matter of Law.

Plaintiff's counsel expended just over 73 hours of attorney time on this task, which was the most substantial of the post-trial tasks counsel tackled. More than 6 of those hours were spent drafting a surreply brief that was unnecessary. The court will award fees for 67 hours of attorney time for this task.

### 5. Motion and Reply In Support of Effort to Hold Mr. Leon Jointly and Severally Liable for the Entire Judgment.

Plaintiff's counsel expended nearly 46 hours on this task, but was wholly unsuccessful. The court ruled that Mr. Leon was liable only to the limited extent stated in its original judgment. The court will award no fees for this task.

### 6. Motion for Post-Trial Attorney Fees and Reply

Plaintiff's counsel expended just under 14 hours of attorney time on this task. The court will award 10 hours of attorney time to reflect Plaintiff's partial success.

### 7. Total Award for Attorney Time

Plaintiff claimed a total of 226.9 hours of attorney time. Lead counsel billing at $500 per hour was responsible for 31.2 hours, or 13.8% of that time. An associate billing at $300 per hour was responsible for 166.10 hours, or 73.2% of that time. Another associate billing at $310 per hour was responsible for 29.6 hours, or 13% of that time.

ORDER – 3

The court applies the same percentages and rates to the 117 hours of attorney time for which it awards fees. It thus awards $38,480.

### 8. Total Award for Paralegal Time

Plaintiff claimed a total of 64.3 hours of paralegal and other non-attorney time. For the reasons stated in the court's previous order, it awards fees only for paralegal work, not for the work of "staff members." Jul. 10 ord. at 40. That reduces the request in this case by just half an hour. One paralegal, who performed just an hour of work, did so only on tasks that did not lead to success for Plaintiff.

The remaining paralegal, who spent about 63 hours of time, spent 14 hours on tasks that did not lead to success, and another 12 hours on Plaintiff's partially successful motion to stay. Of the remaining 43 hours (63 hours less 14 hours and half of 12 hours), the time entries are a mix of compensable paralegal work and clerical work for which the court cannot award fees. *See* Jul. 10 ord. at 40-41. As was the case when the court reviewed paralegal time in connection with Plaintiff's original motion, the court finds that approximately 40% of those entries describe time spent on non-legal work or on work that the court cannot determine is legal. *Id.* at 41. The court accordingly will award fees for 25.8 hours (60% of 43 hours) of paralegal time at a rate of $175 per hour, or $4,515.

## B.   Costs

The court noted when it considered Plaintiff's original request for costs that his counsel provided "virtually no evidence" to support that request, and requested many costs that are not compensable. Jul. 10 ord. at 46-47. Counsel has used the same approach in this motion, requesting about $9,200 in costs. The court will award Plaintiff the cost of the trial transcript, which was necessary to oppose Defendants' motion for new trial. The court will also award $21.50 for the cost of obtaining a certified judgment. The court will not award the more than $5,000 Plaintiff's counsel spent to pay other lawyers to opine about the reasonableness of counsel's billing rates. As to remaining

ORDER – 4

costs, counsel has neither adequately explained how they were incurred in post-trial worked no provided an adequate evidentiary basis for them.

The court awards costs of $1,536.20.

**C.     Summary**

The court awards supplemental attorney fees of $42,995 and costs of $1,536.20. As was the case with the court's previous cost and fee award, interest of 5.25% per year will begin accruing on this award as of the date of this order. For reasons the court stated in the July 10 order, CSG is liable for the entire award and interest and Defendant Jay Leon is jointly and severally liable for 5.2% of this award.

The clerk shall enter an amended judgment reflecting this supplemental award.

DATED this 2nd day of September, 2014.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 5